**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  No.  **4:15 CR 431 HEA** |
| | ) |
| **DEANDRE BROWN,** | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES OF AMERICA'S THIRD MOTION *IN LIMINE* FOR ADMISSION OF OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT**

COMES NOW the United States of America, and moves this Court *in limine* to admit at trial evidence of other crimes, wrongs, or acts of defendant Deandre Brown, pursuant to Federal Rule of Evidence 404(b).  In support of its motion, the United States of America states as follows:

**I.  INTRODUCTION**

The United States has given notice to Defendant, by letter dated June 17, 2016, and copied to the Court, that it intends to offer evidence at trial regarding prior crimes, wrongs, or acts of Defendant.  In this notice, the United States outlined the Rule 404(b) evidence that it intends to introduce at trial.  Specifically, if permitted by the Court, the United States will present evidence regarding:  Defendant's conviction in the St. Louis City Circuit Court, Cause No. 22021-CR00002-01, for unlawful use of a weapon, occurring on January 1, 2002.[1]

---

[1] In addition to the aforementioned conviction, Defendant also has been convicted of felony dealing in cocaine, possession of marijuana, possession with intent to distribute a controlled substance, first degree burglary, second degree domestic assault, three degree domestic assault (3 counts), and domestic battery.  The United States will not seek to introduce this evidence in its case-in-chief pursuant to Federal Rule of Evidence 404(b).  Nevertheless, the United States may seek to introduce evidence of these convictions and arrests and the facts and circumstances

1

## II. FACTS

**A.     The Present Case.**

On September 24, 2015, the Federal Grand Jury returned a single-count indictment charging Defendant with being a felon in possession of a firearm on July 27, 2015. At trial, the United States intends to present the following, among other, evidence:

At approximately midnight on July 27, 2015, St. Louis Metropolitan Police Department ("SLMPD") officers observed two individuals, later identified as Defendant and James Hayes, standing near the gangway at 5936 Lucille Avenue in the Walnut Park Neighborhood in the City of St. Louis within the Eastern District of Missouri. As the officers approached in their marked police vehicle and shined a spotlight in the area, Defendant and Mr. Hayes fled south down the gangway. SLMPD Officer Brandon Moore exited his vehicle and followed them on foot. Despite Officer Moore's commands to stop, Defendant continued through the rear yard of 5936 Lucille Avenue and jumped a fence leading into the alley. As Defendant was running, Officer Moore observed him remove a large caliber firearm from his person and run with it in his right hand. Defendant was detained by Officer Matthew Tesreau as Defendant ran through the alley and down the gangway of 5927 Thekla Avenue. Officer Tesreau seized from the alley Defendant's cell phone and the loaded Israel Military Industries, model Desert Eagle, .357 Magnum caliber semi-automatic handgun that Officer Moore observed in Defendant's possession as he was running.[2] Thereafter, Defendant (who provided a false name to the officers) was advised he was

---

surrounding such convictions and arrests under other theories of evidence, if necessary.

[2] The firearm possessed by Defendant had traveled in interstate commerce and was found to operate as designed. Defendant is a convicted felon and is prohibited from possessing a firearm under Title 18, United States Code, Section 922(g)(1).

under arrest for firearms-related offenses.

**B.     Defendant's Other Crimes, Wrongs, or Acts.**

    **1.     Convictions For Unlawful Use of a Weapon in 2002.**

If permitted at trial, the United States will present evidence that Defendant pleaded guilty in the St. Louis City Circuit Court, Cause No. 22021-CR00002-01, to the charge of unlawful use of a weapon. The factual events surrounding these convictions are as follows:

On January 1, 2002, SLMPD officers observed the driver of a vehicle, later identified as Defendant, driving erratically in the City of St. Louis, Missouri. As a result, officers attempted to curb Defendant who fled at a high rate of speed while committing numerous traffic violations. (Before Defendant accelerated, a female jumped out of the rear passenger side door.) After briefly losing sight of Defendant, officers regained sight of him as he travelled eastbound on West Florissant Avenue. Officers observed Defendant's vehicle violate the red electric signal at West Florissant Avenue and Goodfellow Avenue causing a traffic accident with another vehicle and striking a bus stop and vending machine before coming to a stop. Officers approached the vehicle and observed Defendant reaching under the driver's seat. Defendant was detained, and officers seized from underneath the driver's seat a loaded SKS assault rifle.[3] An additional clip of 13 rounds of 7.62 caliber ammunition was located in the center console.

### III.   ARGUMENT

Defendant's conviction for unlawful use of a weapon is relevant to and probative of material issues in this case. It is are supported by sufficient evidence and similar in kind and not overly remote to the instant charges. Accordingly, Defendant's aforementioned prior

---

[3] Defendant also was in possession of marijuana for which he was convicted and to which he pleaded guilty.

conviction should be admitted pursuant to Rule 404(b).

Evidence of other crimes, wrongs, or acts is admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); *United States v. Walker*, 428 F.3d 1165, 1169 (8th Cir. 2005). "Rule 404(b) is a rule of inclusion, prohibiting only evidence that tends solely to prove the defendant's criminal disposition." *United States v. Shoffner*, 71 F.3d 1429, 1431 (8th Cir. 1995); *United States v. Yellow*, 18 F.3d 1438, 1441 (8th Cir. 1994); *see also United States v. Thomas*, 593 F.3d 752, 757 (8th Cir. 2010) (holding "evidence offered for permissible purposes is presumed admissible absent a contrary determination"); *United States v. Foster*, 344 F.3d 799, 801 (8th Cir. 2003) ("Rule 404(b) is a rule of inclusion; assuming that the other tests for admissibility are satisfied, evidence of a prior crime should be excluded only if its sole relevance goes to the character of the defendant.").

In other words, Rule 404(b) evidence is inadmissible "only when such evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts." *Foster*, 344 F.3d at 801 (quoting *United States v. Ruiz-Estrada*, 312 F.3d 398, 403 (8th Cir. 2002)). It is well established that evidence of other crimes, wrongs, or acts properly is admitted when:

(1) it is relevant to a material issue;

(2) it is similar in kind and not overly remote in time to the crime charged;

(3) it is supported by sufficient evidence; and

(4) its potential prejudice does not substantially outweigh its probative value.

*See Walker*, 428 F.3d at 1169; *United States v. Vieth*, 397 F.3d 615, 617-18 (8th Cir. 2005); *United*

4

*States v. Oates*, 173 F.3d 651, 659 (8th Cir. 1999).

A.    **Relevance To Material Issues.**

First, evidence regarding Defendant's prior firearm-related conviction is relevant to several material issues set forth in Rule 404(b), including knowledge, opportunity, intent, and absence of accident or mistake, all of which are essential in proving elements of the United States' case. As a result, evidence of this prior conviction is admissible for a purpose other than proving his past bad character and his present conformance therewith.

Indeed, it is well-established that Defendant's prior possession of firearms, including his familiarity with, knowledge of, and intent to possess those firearms, is relevant to the material issues of knowledge and intent to possess the firearm with which he is charged now. *See, e.g., United States v. Walker*, 470 F.3d 1271, 1274 (8th Cir. 2006) (holding, where defendant was charged with being a felon in possession of a firearm, that defendant's "prior conviction for armed robbery addresses the material issue of his knowledge of the presence of the firearm and his intent to possess it"); *United States v. Jernigan*, 341 F.3d 1273, 1281 (11th Cir. 2003); *United States v. Harris*, 324 F.3d 602, 607 (8th Cir. 2003) (summarily affirming, in a felon-in-possession case, district court's admission of Rule 404(b) testimony that defendant previously possessed a firearm).

Here, Defendant has pleaded not guilty and denied participation in the charged crime. As a result, the United States is required to shoulder the burden of introducing proof beyond a reasonable doubt of every element of the charged offense. Accordingly, evidence of Defendant's prior possession of a firearm and resisting arrest is relevant to Defendant's intent, knowledge, and absence of mistake or accident in this case.

B.    **Similarity and Proximity.**

Second, Defendant's prior conviction has similarities to the crime for which Defendant

now is charged.  The conviction is also sufficiently close in time to be admissible under Rule 404(b).

"[P]rior acts need not be duplicates, but must be sufficiently similar to support an inference of criminal intent." *Walker,* 470 F.3d at 1275 (citation omitted).  As for proximity in time, "[t]here is no absolute rule regarding the number of years that can separate offenses" admitted under Rule 404(b).  *United States v. Edelmann*, 458 F.3d 791, 810 (8th Cir. 2006); *see also United States v. Baker*, 82 F.3d 273, 276 (8th Cir. 1996); *United States v. Burkett*, 821 F.2d 1306, 1310 (8th Cir. 1987) ("[T]here is no specific number of years beyond which prior bad acts are no longer relevant to the issue of intent.").  This is because "[a]lthough proximity in time combined with similarity in type of crime virtually guarantees admittance of prior bad acts evidence, these are only factors" useful for evaluating "[t]he ultimate question . . . whether the evidence is admissible to prove any relevant issue other than the character of the defendant or his propensity toward criminal activity." *Thomas,* 593 F.3d at 758 (quoting *United States v. Drew*, 894 F.2d 965, 970 (8th Cir.) (citations and quotations omitted), *cert. denied* 494 U.S. 1089, 110 S.Ct. 1830, 108 L.Ed.2d 959 (1990)). "Where the extrinsic act is extremely similar to the crime at issue, evidence of the act will usually be rendered irrelevant only by an enormous lapse of time." *Thomas*, 593 F.3d at 758 (citations and quotations omitted).

Here, the other acts are similar to the instant offense.  In this case, Defendant is charged with possessing a .357 Magnum caliber semi-automatic pistol, which he discarded while fleeing from law enforcement officers. Defendant's prior conviction resulted from his possession of a large caliber firearm while fleeing from law enforcement officers.  With respect to proximity in time, less than 14 years has elapsed—some period of which Defendant has spent incarcerated—between Defendant's unlawful use of a weapon arrest in 2002 and his 2015 arrest in

this case. *See, e.g., United States v. Halk*, 634 F.3d 482, 488 (8th Cir. 2011); *Walker*, 470 F.3d at 1274-75 (holding 18-year old robbery conviction properly admitted pursuant to Rule 404(b)); *United States v. Williams*, 308 F.3d 833, 838 (8th Cir. 2002) (holding that the defendant's prior robbery crimes spanning 20 years, 16 of which were spent in prison, were admissible pursuant to Rule 404(b)); *United States v. Ironi*, 525 F.3d 683, 687-688 (8th Cir. 2008) (holding that two prior cocaine possession convictions 8 and 10 years before the execution of a search warrant were properly admitted under Rule 404(b)); *United States v. Love*, 419 F.3d 825, 828 (8th Cir. 2005) (holding 2000, 1994, and 1991 drug convictions not too remote in 2003 prosecution for possession with intent to distribute controlled substance); *United States v. Strong*, 415 F.3d 902, 905-06 (8th Cir. 2005) (holding 16-year old conviction for being a felon in possession of a firearm properly admitted pursuant to Rule 404(b)).

**3.** **Sufficiency of the Evidence.**

Third, the circumstances of Defendant's previous conviction will be proven by sufficient evidence. The United States will present a certified record and/or the testimony of an eyewitness, *i.e.*, the arresting police officer, to prove the conviction. It is well-established in this Circuit that certified court records are sufficient to prove a defendant's prior convictions. *See Ruiz-Estrada*, 312 F.3d at 403-04; *United States v. Bryson*, 110 F.3d 575, 583 (8th Cir. 1997).

**4.** **Potential Prejudice Does Not Outweigh Probative Value.**

Finally, the Eighth Circuit and this Court repeatedly have held in cases such as this that the potential prejudice from evidence that a defendant previously possessed firearms does not substantially outweigh the probative value of such evidence. *See, e.g., Cole*, 537 F.3d at, 928 ("We bear in mind that all Rule 404(b) evidence is inherently prejudicial, but the test under Rule 403 is whether its probative value is *substantially* outweighed by the danger of *unfair* prejudice.")

(citation and internal quotations omitted); *United States v. Cockerham*, 417 F.3d 919, 921 (8th Cir. 2005); *Harris*, 324 F.3d at 607; *United States v. Wesley*, 990 F.2d 360, 366 (8th Cir. 1993); *see also Jernigan*, 341 F.3d at 1282.

To minimize any prejudice, the United States will not belabor evidence of Defendant's prior possession of firearms; will forgo evidence of Defendant's numerous other convictions; and will propose an instruction regarding the limited purposes for which the evidence may be used. This will further ensure that the potential for prejudice of such evidence is not substantially outweighed by its probative value. *United States v. Amendares*, 397 F. 3d 653,662 (8th Cir. 2005); *see also Cockerham*, 417 F.3d at 921; *United States v. Crenshaw*, 359 F.3d 977, 1004 (8th Cir. 2004).

## IV.   CONCLUSION

For all of the foregoing reasons, the United States respectfully requests that this Court grant its third motion *in limine*.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney
/s/ *Sayler A. Fleming*
SAYLER A. FLEMING, #58775MO
Assistant United States Attorney
111 S. Tenth Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing upon all counsel of record.

>*/s/ Sayler A. Fleming*
>Assistant United States Attorney